UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY AND LIBERTY INSURANCE CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>SPRING CITY ELECTRICAL MANUFACTURING COMPANY AND SCF INVESTMENTS, INC. AND MILLER AND BRINK OF CALIFORNIA, INC. AND WESTERN LIGHTING CO.,<br><br>Defendants. | Civil Action No. 02-2785 |

**BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

# TABLE OF CONTENTS

**Page**

Table of Authorities ................................................................................................ ii

Statement of Procedural History ............................................................................ 1

Statement of Facts Relevant to the Motion ........................................................... 1

Legal Argument ...................................................................................................... 2

Conclusion .............................................................................................................. 2

## TABLE OF AUTHORITIES

**Cite** **Page**

*Alvin v. Suzuki,*
  227 F.3d 107 (3rd Cir. 2000) .................................................................................... 2

*Smith v. National Collegate Athletic Assn.,*
  139 F.3d 180 (3rd Cir. 1998) .................................................................................... 2


**Rules**

Federal Rule of Civil Procedure 15(a) ................................................................................ 2

## STATEMENT OF PROCEDURAL HISTORY

The complaint in this matter was filed on or about May 8, 2002. Defendant's answer was filed on or about June 27, 2002. The case is listed for arbitration pursuant to Local Rule 53.2 on October 10.

## STATEMENT OF FACTS RELEVANT TO THE MOTION

Plaintiff provided workers compensation and employers liability insurance to defendants, in the aggregate, from September 12, 1996 through September 12, 2001. The policies all had loss sensitive premium provisions, either retrospective premium provisions or dividend re-determination plans.

At the time the original complaint was filed and according to plaintiffs books and records, defendants owed a retrospective premium on the policy which ran from September 12, 1996 to September 12, 1997, and audits and other charges from the coverage which ran from September 12, 2000 to September 12, 2001. Plaintiff brought suit accordingly.

After the original complaint was filed defendant paid the audit premium and associated surcharges for which plaintiff had brought suit. In addition, as a result of a dividend recalculation which issued, plaintiff rechecked its records and confirmed that in addition to the three policies referred to in the original complaint, defendants had had four other policies with loss sensitive programs. These programs could in the future result in further premium debits, in deed, one had resulted in a debit which posted in July.

Plaintiff's counsel communicated with defense counsel the possibility of amending the complaint to address these issues by stipulation. However, apparently due to other commitments of defense counsel no agreement was reached. Plaintiff then brought the instant motion.

## LEGAL ARGUMENT

Federal Rule of Civil Procedure 15(a) provides in pertinent part: "…a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

Relevant factors for the Court to consider on a motion for leave to file an amended complaint include whether a valid cause of action is stated, whether the movant is guilty of any undue delay, whether the amendment would visit undue prejudice on the moving party, whether the movant is guilty of bad faith. See, generally, *Alvin v. Suzuki*, 227 F.3d 107 (3rd Cir. 2000); *Smith v. National Collegate Athletic Assn.*, 139 F.3d 180 (3rd Cir. 1998); cert. granted, 524 U.S. 982, cert. denied 525 U.S. 872, cert. vacated 525 U.S. 459.

In the case at bar plaintiff was not guilty of bad faith, has been reasonably diligent and the amendment will not visit any undue prejudice on defendants. The amendment simply conforms plaintiff's complaint to facts which have developed or presented themselves subsequent to the filing of the original complaint. Plaintiff does not seek any additional discovery occasioned by the amendments and therefore there is truly no prejudice upon defendants.

## CONCLUSION

For the reasons set forth herein, plaintiff's motion should be granted.

    Jonathan M. Kuller, Esq. (4930)
    Counsel for Plaintiff *Pro Hac Vice*
    PODVEY, SACHS, MEANOR, CATENACCI,
     HILDNER & COCOZIELLO
    One Riverfront Plaza
    Newark, New Jersey 07102

Dated: September 18, 2002     (973) 623-1000
Document # 129691