UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY AND LIBERTY INSURANCE CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>SPRING CITY ELECTRICAL MANUFACTURING COMPANY AND SCF INVESTMENTS, INC. AND MILLER AND BRINK OF CALIFORNIA, INC. AND WESTERN LIGHTING CO.,<br><br>Defendants. | Case No.<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiffs Liberty Mutual Fire Insurance Company and Liberty Insurance Corporation by their attorneys Kelly McLaughlin & Foster, LLP hereby complain of the defendants Spring City Electrical Manufacturing Company and SCF Investments, Inc. and Miller and Brink of California, Inc. and Western Lighting Co. as follows:

## PARTIES

1. Plaintiff Liberty Mutual Fire Insurance Company was at all relevant times and is a Massachusetts corporation having its principal place of business in the Commonwealth of Massachusetts.

2. Plaintiff Liberty Mutual Fire Insurance Company is authorized to transact business in the Commonwealth of Pennsylvania.

3. Plaintiff Liberty Insurance Corporation was at all relevant times and is a Massachusetts corporation, with its principal place of business in the Commonwealth of Massachusetts.

4. Plaintiff Liberty Insurance Corporation is authorized to transact business in the Commonwealth of Pennsylvania.

5. Defendant Spring City Electrical Manufacturing Company is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania having its principal place of business in the Commonwealth of Pennsylvania. Spring City Electrical Manufacturing Company also trades under the fictitious name Spring City Foundry Company.

6. Defendant SCF Investments, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in the Commonwealth of Pennsylvania. Defendant SCF Investments, Inc. was formerly known as Spring City Foundry Company.

7. Defendant Miller and Brink of California, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in the Commonwealth of Pennsylvania, or in a state other than the Commonwealth of Massachusetts.

8. Defendant Western Lighting Co. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in the Commonwealth of Pennsylvania, or in a state other than the Commonwealth of Massachusetts.

**JURISDICTION AND VENUE**

9. This action is a civil action wherein jurisdiction is founded on diversity of citizenship. The amount in controversy is in excess of seventy-five thousand ($75,000.00) dollars exclusive of costs and interest, as specified in 28 U.S.C. § 1332(a). Jurisdiction is also predicated upon the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

10. Venue is properly laid in this District in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

11. Plaintiffs Liberty Mutual Fire Insurance Company and Liberty Insurance Corporation are sometimes hereinafter referred to as "Liberty Mutual."

12. This is suit for insurance premiums pursuant to policies of insurance issued from Liberty Mutual to defendants. Liberty Mutual also seeks declaratory relief with respect to defendants' continuing liabilities under certain policies it has issued to defendants.

## FIRST COUNT

13. Liberty Mutual provided workers compensation and employers liability and commercial general liability insurance to defendants pursuant to the following policies, for the periods set forth below:

| POLICY | PERIOD |
|---|---|
| WC2-131-475086-015 | September 12, 1995 to September 12, 1996 |
| WC2-131-475086-016 | September 12, 1996 to September 12, 1997 |
| WC2-131-475086-017 | September 12, 1997 to September 12, 1998 |
| WC2-131-475086-018 | September 12, 1998 to September 12, 1999 |
| WC2-131-475086-019 | September 12, 1999 to September 12, 2000 |
| WC2-131-475086-010 | September 12, 2000 to September 12, 2001 |
| TB7-131-475086-030 | September 12, 2000 to September 12, 2001 |

14. True copies of the foregoing policies are attached hereto and made part hereof designated respectively as Exhibits "A", "B", "C", "D", "E", "F" and "G". The foregoing policies are sometimes hereinafter collectively referred to as "the Liberty Mutual policies."

15. Defendants, their servants and employees were insured by Liberty Mutual pursuant to the Liberty Mutual policies, pursuant to the terms thereof and as required by law.

16. Pursuant to the terms of the policies, defendants agreed to pay Liberty Mutual the premiums for the coverages provided under the Liberty Mutual policies as calculated pursuant to the terms and conditions of the Liberty Mutual policies.

17. Pursuant to the terms and conditions of the Liberty Mutual policies there is a balance due and owing from defendants to plaintiffs as of September 11, 2002 of $81,471.00 as appears from Exhibit "H" annexed hereto and made part hereof.

18. Defendants have failed and refused to pay same.

**WHEREFORE**, Plaintiffs Liberty Mutual Fire Insurance Company and Liberty Insurance Corporation demand judgment against defendants Spring City Electrical Manufacturing Company and SCF Investments, Inc. and Miller and Brink of California, Inc. and Western Lighting Co. in the sum of $81,471.00 together with interest and costs of suit.

## **SECOND COUNT**

19. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 18 as if same were set forth at length herein.

20. There is due and owing from defendants to plaintiffs the sum of $81,471.00 on a book account, as more particularly appears from Exhibit "D" hereto annexed.

21. Payment of the aforesaid sum has been demanded but defendants have failed and refused to pay same.

**WHEREFORE**, Plaintiffs Liberty Mutual Fire Insurance Company and Liberty Insurance Corporation demand judgment against defendants Spring City Electrical Manufacturing Company and SCF Investments, Inc. and Miller and Brink of California, Inc. and Western Lighting Co. in the sum of $81,471.00 together with interest and costs of suit

## **THIRD COUNT**

22. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 21 as if same were set forth at length herein.

23. Liberty Mutual sues defendants for the reasonable value of workers compensation and employees liability insurance and commercial general liability insurance coverage provided to defendants, as set forth in paragraph 13 hereof.

**WHEREFORE**, Plaintiffs Liberty Mutual Fire Insurance Company and Liberty Insurance Corporation demand judgment against defendants Spring City Electrical Manufacturing Company and SCF Investments, Inc. and Miller and Brink of California, Inc. and Western Lighting Co. in the sum of $81,471.00 together with interest and costs of suit.

## FOURTH COUNT

24. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 23 as if same were set forth at length herein.

25. This claim is brought pursuant to the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

26. Policies numbered WC2-131-475086-015 and WC2-131-475086-016 have what are commonly referred to as retrospective premium provisions. Policies numbered WC2-131-475086-017, WC2-131-475086-018 and WC2-131-475086-019 have what is commonly referred to as dividend redetermination provisions.

27. Under the retrospective premium provisions of the referenced policies, the premium due and owing is recalculated at annual intervals in accordance with the insured's loss experience.

28. The retrospective premium endorsements of the referenced policies issued by Liberty Mutual to defendant provide in pertinent part:

> **V.** **Dates of Computation of Retrospective Rating Premium**
>
> A. A calculation of the retrospective premium based upon the standard premium and incurred losses, such losses

5

       to be valued as of a date six months after the rating plan period ends, will be made by us as soon as practicable after such valuation date.

       Subsequent calculations will be made on a combined basis for all annual periods at intervals of twelve months, subject to a similar procedure using the next annual valuation.

       We may make a special valuation of the retrospective premium as of any date that any Insured is declared bankrupt or insolvent, makes an assignment for the benefit of creditors, is involved in reorganization, receivership, or liquidation, or disposes of all its interest in work covered by the insurance. You will pay the amount due us if the retrospective premium is more than the total standard premium as of the special valuation date.

    B.    We may mutually agree with you that any calculation of retrospective premium is the final calculation. No other calculation will be made unless there is clerical error in the final calculation.

**VI.**    **Payment of Premium**

       After each calculation if the premium computed exceeds the premium previously paid for insurance subject to the retrospective rating agreement, you will pay the difference to us. If less, we will return the difference to you.

       Each Named Insured covered under the policy(ies) listed in Section I is jointly and severally liable for all premiums due under this rating agreement and for any other financial obligations of any Named Insured to us arising out of any agreements contained in the policies listed in Section I.

      29.    Accordingly, the premiums with respect to the referenced policies will be subject to further calculations, which may result in further debits.

      30.    The Dividend Plan Confirmation Agreements with respect to each of the remaining referenced policies provided in pertinent part: " The first computation of dividends shall be prepared approximately 10 months after expiration of the policy. Subsequent

6

computations of dividend shall be done annually thereafter. A total of 5 computations of the dividend shall be done."

31. Accordingly, the premiums with respect to the referenced policies will be subject to further calculations, which may result in further debits.

32. There is presented herein an actual controversy within the meaning of 28 U.S.C. § 2201(a).

**WHEREFORE**, Plaintiffs Liberty Mutual Fire Insurance Company and Liberty Insurance Corporation demand judgment against defendants Spring City Electrical Manufacturing Company and SCF Investments, Inc. and Miller and Brink of California, Inc. and Western Lighting Co. as follows:

a) For an order of the Court declaring the liability of defendants, Spring City Electrical Manufacturing Company and SCF Investments Inc. and Miller and Brink of California, Inc. and Western Lighting Co. for future retrospective premium adjustments and dividend calculations in accordance with the Liberty Mutual policies.

b) For such other and further relief as to the Court may seem proper and just.

                                                KELLY MCLAUGHLIN & FOSTER, LLP

By: _____
     Steven L. Chung, Esq.
     Kelly McLaughlin & Foster, LLP

Dated: September ___, 2002      620 W. Germantown Pike
     Plymouth Meeting, PA 19462-1056

OF COUNSEL:      Attorneys for Plaintiff
Jonathan M. Kuller, Esq.
PODVEY, SACHS, MEANOR, CATENACCI,
  HILDNER & COCOZIELLO
One Riverfront Plaza
Newark, New Jersey 07102
(973) 623-1000
Document # 129656